## I. L. GOOLSBY v. THE STATE.

### No. 2250.  Decided May 14, 1913.

**Gaming—Indictment—Statutes Repealed.**

Article 559, Penal Code, which was one of the articles of the Act of 1907, page 108, repeals articles 572 and 573, Penal Code, and where the indictment is insufficient in alleging under any of the provisions of said article any of the offenses as prescribed thereby, the conviction can not be sustained. Overruling Simons v. State, 56 Texas Crim. Rep., 339.

Appeal from the County Court of Jones. Tried below before the Hon. Joe C. Randel.

Appeal from a conviction of a violation of the gaming law; penalty, a fine of $25.

The charging part of the indictment is as follows. First count. "That I. L. Goolsby, owner and manager of a pool hall, late of the County of Jones, on or about the 15th day of December, in the year of our Lord One Thousand Nine Hundred and Eleven, with force and arms, in the County of Jones and State of Texas, did then and there unlawfully permit a game of pool to be played upon his premises, the said premises being then and there a pool hall, the same being a public place wherein people resorted for the purpose of playing pool, and did then and there permit and allow the fees of the game to be bet and wagered upon said game."

Second count. "That I. L. Goolsby, being the manager and owner of a certain pool hall in Jones County, Texas, on or about the 15th day of December, 1911, and before the presentment of this indictment, did then and there unlawfully permit a game of pool to be played in his pool hall, the same then and there being a public place, where people resorted for the purpose of playing pool, and did then and there allow and permit a game of pool to be played, wherein the fees of the game were bet and wagered upon the result of said game, he, the said I. L. Goolsby, then and there having control and management of the said pool hall." (Tr., p. 3.)

*Chapman & Coombes,* for appellant.—Cited Rainbolt v. State, 51 Texas Crim. Rep., 153; Taylor v. State, 55 Texas Crim. Rep., 47, 115 S. W. Rep., 37.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited Dancey v. State, 35 Texas Crim. Rep., 615; Morgan v. State, 31 id., 1; Hutto v. State, 7 Texas Crim. App., 44; Boles v. State, 13 id., 650.

PRENDERGAST, JUDGE.—Appellant was indicted, tried and convicted under article 572, Penal Code, and fined $25.

After full and thorough consideration in the case of Robertson v. State from McLennan County, recently decided but not yet reported, we held that article 559, Penal Code, which was one of the articles of the Act of 1907, page 108, clearly repealed said

article 572, and also article 573, Penal Code. And in that opinion we expressly overruled the case of Simons v. State, 56 Texas Crim. Rep., 339.

Appellant, in the court below, made a motion to quash said indictment, among other grounds, because it does not charge an offense against the laws of Texas, which the court overruled. The indictment is not sufficient under said article 559, Penal Code, and the court erred in not sustaining said motion to quash. Under said article 559 the keeping by any person for the purpose of gaming, any bank, table, alley, machine, wheel or device whatsoever, or the keeping of a place where people resort to gamble, bet, or wager, upon anything whatever, and any place or device, shall be considered as used for gaming or to gamble with or bet or wager, if any fees, money, or anything of value is bet thereon, or if the same is resorted to for the purpose of gaming, or betting, is made a penitentiary offense. Also by said article if anyone shall knowingly permit property or premises of which he is the owner, or which is under his control to be used for any of said purposes, he is also guilty of a felony under said article 559; and, as prescribed in said article, as stated above, any place or device shall be considered as used for gaming or to gamble with or for betting or wagering, if any fees or money, or anything of value is bet thereon, or if the same is resorted to for the purpose of gaming or betting. Under this article if any party shall keep a pool hall or pool table, for the purpose of being used as a place to bet or wager or gamble, or as a place where people resort to gamble, bet or wager thereon, or if he knowingly permits property or premises of which he is owner, or which is under his control, to be so used, he would be guilty of a felony, and violate said article 559. And such place or device shall be considered as used for gaming or to gamble with, or for betting or wagering, if any fees, money or anything of value is bet thereon, or if the same is resorted to for the purpose of gaming or betting. But the indictment in this case is insufficient to allege under any of the provisions of said article any of the offenses as prescribed thereby.

It is unnecessary to discuss any other question raised in this case. Because of the insufficiency of the indictment, the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*